UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SULLIVAN REALE,
STEPHEN REALE,
JAMES REALE,
DARLENE FELIGNO,
BETTE JEAN PITIFER,
SANDRA MASSA,
REBEKKA ACQUESTA,
DEBRA BUCKLEY,

                        Plaintiffs,

<u>DECISION AND ORDER</u>

05-CV-6414L

          v.

ANTHONY P. REALE,
JOANNE R. CHURCH,
THE UNITED STATES OF AMERICA,

                        Defendants.
_____

## INTRODUCTION

      This case concerns whether a constructive trust ought to be imposed granting an equal one-tenth interest in a parcel of real property located in Geneva, New York, to each of the ten children of Sullivan J. and Adeline Reale ("the Reale parents"). Plaintiffs are eight of the ten Reale children. Defendants are the two other Reale children, Anthony P. Reale ("Anthony") and Joanne Church ("Joanne"), who were each granted a one-half interest in the Reale parents' home by deed from the Reale parents prior to their death. The United States of America (the "Government") is also a named defendant, because the Internal Revenue Service (the "IRS") has recorded a federal tax lien against Anthony's interest in the property.

Plaintiffs commenced this action seeking the imposition of a constructive trust. According to plaintiffs, it was the Reale parents' intent that the ten Reale children would each be granted a one-tenth interest in the property after the parents' deaths and that Anthony and Joanne held title in trust for the benefit of all the children. Plaintiffs claim that, unless a constructive trust is imposed, Anthony will be unjustly enriched at their expense because his personal debt to the IRS would be paid out of his one-half interest in the property. If plaintiffs are entitled to a constructive trust, the federal tax lien recorded against Anthony would apply only to his one-tenth interest, and not his one-half interest.

**FACTUAL BACKGROUND**

The relevant facts here are undisputed. In March 1988, the Reale parents transferred title to their home located at 95 Lafayette Avenue, Geneva, New York (the "Lafayette Property) to Anthony and Joanne for no consideration, but reserved a life estate for themselves in the property. Five years later, in March 1993, Anthony and Joanne sold the Lafayette Property for $57,296.31. (Exs. 2 and 3). That same day, Anthony and Joanne purchased another home for the Reale parents located on West High Street, in Geneva, New York ("West High Street property") for $64,620.43, which consisted of the $57,296.31 Lafayette Property sale proceeds and an additional $7,324.12 from the Reale parents. (Exs. 4 and 5). It is undisputed that neither Anthony nor Joanne paid any consideration or used their own funds in connection with either the 1988 or 1993 property transfers. Nor is there any dispute that, after each transfer, the Reale parents continued to live in the respective homes and were cared for by all ten children until their deaths. Sullivan J. Reale died on August 17, 1998, and Adeline Reale died on May 9, 2000.

For two years after Adeline Reale's death, Anthony and Joanne continued to hold title to the West High Street property in their names only. On May 3, 2002, the IRS recorded a Notice of Federal Tax Lien against property owned by Anthony for unpaid federal tax liabilities[1] totaling $37,262.45. (Ex. 6). Three weeks later, on May 22, 2002, Anthony transferred his one-half interest in the West High Street property to his brother, plaintiff James Reale ("James"), for no consideration. (Ex. 8).

On August 19, 2004, James transferred the one-half interest back to Anthony (Ex. 11), after the IRS advised the parties that a federal tax lien was recorded against the property before Anthony's transfer of his interest to his brother James and, therefore, the federal lien remained an encumbrance on the property.

Plaintiffs thereafter commenced this action against Anthony, Joanne, and the Government seeking a constructive trust on the West High Street property in favor of all ten Reale children. According to plaintiffs, their parents always made it known that all ten children would inherit equally, and that the two oldest siblings, Anthony and Joanne, would handle their financial and personal affairs on behalf of and in trust for the entire family. Plaintiffs claim that the Reale parents transferred property to Anthony and Joanne in reliance on their promise to hold the property in trust during the Reale parents' lifetime. Plaintiffs allege that their parents meant to provide a means by which the family home would be transferred free from probate. Plaintiffs contend that the Court should impose a constructive trust against Anthony and Joanne in favor of each of the ten Reale children. Plaintiffs contend then that each child would hold only one-tenth interest in the West

---

[1] Specifically, the tax lien represented unpaid Federal Deposit Insurance Contribution Act taxes, withheld income taxes, and unemployment tax liabilities for the taxable years 1996, 1997, 1998, 2000, and 2001.

High Street property and, therefore, the federal tax lien would only affect Anthony's one-tenth interest.

The Government has moved for summary judgment arguing that no material issue of fact exists warranting a trial regarding whether the Reale children are entitled to a constructive trust. The Government claims that the 1988 and 1993 deeds are free from ambiguity and that no basis exists to set aside the plain language of those instruments. The Government also contends that the statute of limitations bars the imposition of a constructive trust, and further that plaintiffs cannot establish all the necessary elements for the imposition of a constructive trust.

I find that the Government is entitled to summary judgment; plaintiffs have failed to raise an issue of fact regarding whether they are entitled to a constructive trust.

## DISCUSSION

"A constructive trust is a remedial device imposed in favor of one entitled to property that is wrongfully withheld or where to allow the present holder to retain the property would result in unjust enrichment." *Stone v. Williams*, 970 F.2d 1043, 1051 (2d Cir.1992). Under New York law, a party seeking to impose a constructive trust generally must show four elements: "(1) a confidential or fiduciary relationship; (2) a promise, express or implied; (3) a transfer of the subject *res* made in reliance on that promise; and (4) unjust enrichment." *In re First Cent. Fin. Corp.*, 377 F.3d 209, 212 (2d Cir.2004).

Although these four elements constitute "important guideposts, the constructive trust doctrine is equitable in nature and should not be rigidly limited." *Counihan v. Allstate Ins. Co.*, 194 F.3d 357, 362 (2d Cir.1999) (internal quotation omitted). Thus, courts impose constructive trusts

even when one or more of the elements have not been met. What is essential in any constructive trust case, however, "is a showing that property is held under circumstances that render unconscionable and inequitable the continued holding of the property and that the remedy is essential to prevent unjust enrichment." *Id.*; *see also In re First Cent. Fin. Corp.*, 377 F.3d at 212 (emphasizing that "[t]he fourth element is the most important since 'the purpose of the constructive trust is prevention of unjust enrichment.'") (quoting *Simonds v. Simonds*, 45 N.Y.2d 233, 242 (1978)); *In re Koreag, Controle et Revision S.A. v. Refco F/X Assoc., Inc.*, 961 F.2d 341, 354 (2d Cir.1992) (unjust enrichment is the "key factor" in determining whether to impose a constructive trust). As Judge Cardozo aptly wrote, "[a] constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee." *Beatty v. Guggenheim Exploration Co.*, 225 N.Y. 380, 386 (1919).

**Statute of Limitations**

A cause of action for a constructive trust is governed by New York's six-year statute of limitations applicable to those claims "for which no limitation is specifically prescribed by law." N.Y. C.P.L.R. 213(1). The limitations period for a constructive trust "runs from the occurrence of the wrongful act or event which creates a duty of restitution." *Dolmetta v. Uintah Nat'l Corp.*, 712 F.2d 15, 18 (2d Cir.1983) (citing *Scheuer v. Scheuer*, 308 N.Y. 447 (1955); *Augustine v. Szwed*, 77 A.D.2d 298, 301 (4th Dept.1980)).

In many constructive trust cases, the date of the "wrongful act" is quite clear. Usually, it is the date that the party holding legal title takes some action that is inconsistent with the promise he made to the transferor. *See Mardiros v. Ghaly*, 206 A.D.2d 414, 415 (2d Dept.1994) (limitations

period runs from "when the constructive trustee's interest in the property first becomes adverse to the plaintiff's interests."). For instance, if A transfers property to B to hold in trust for B and C, a cause of action for a constructive trust would accrue when B resold the property and took for himself all the proceeds of the sale. That is the date that B committed the wrongful act and that the duty of restitution arose. *See Sitkowski v. Petzing*, 175 A.D.2d 801, 802 (2d Dept.1991) (in cases in which "the constructive trustee wrongfully withholds property acquired lawfully from the beneficiary," the statute of limitations accrues on "the date the trustee breaches or repudiates the agreement to transfer the property.").

Here, however, plaintiffs do not allege that Anthony himself took any wrongful action that was inconsistent with their parents' wishes or his alleged promise to them. Instead, Anthony's unjust enrichment did not occur until he was no longer able to carry out the alleged promise that he made to his parents. *Id.* That event occurred on the date that the federal tax lien was filed on May 5, 2002. At that moment, Anthony lacked the power to fulfill the promise he allegedly made to his parents to divide his one-half interest in the West High Street property equally among his siblings. Prior to this date, Anthony had the power to fulfill the promise, and was not unjustly enriched.

The Government argues that the unjust enrichment occurred, if at all, when the property was transferred to only two of the ten Reale children in 1988, and was retained in their two names in 1993. I disagree. Plaintiffs do not contend that Anthony and Joanne wrongfully took title to the property, but that Anthony will be unjustly enriched if he is permitted to keep legal title to half of the property. *Id.* ("the gravamen of the plaintiff's complaint is not that the constructive trustee acquired the property wrongfully, but rather, that the defendant breached the trust relationship at some later date.").

This action was commenced in 2005, three years after the action accrued and well within the six-year statute of limitations. Therefore, the Government is not entitled to summary judgment on this basis.

**Insufficient Proof to Impose a Constructive Trust**

Initially, I reject the Government's argument that because the Reale parents transferred the property only to Anthony and Joanne, and not to all ten children, that such a transfer defeats any claim for imposition of a constructive trust. As the Second Circuit aptly observed, however, "[b]y its very nature, the constructive trust remedy generally is available only when there has been a transfer of property. The inquiry of the court is whether that transfer was made in reliance on a promise." *Brand v. Brand*, 811 F.2d 74, 79 n.1 (2d Cir.1987).

The Government also argues that the existence of an unambiguous written agreement bars the imposition of a constructive trust. This fact is not controlling, however. There is no written agreement between *the eight plaintiffs* and Anthony and Joanne. Where there is a written agreement *between the parties*, an oral promise cannot be invoked to defeat the terms of that agreement. *See In re First Cent. Fin. Corp.*, 377 F.3d at 213-14; *see also Briggs v. Goodyear Tire & Rubber Co.*, 79 F.Supp.2d 228, 236-37 (W.D.N.Y.1999) ("Where there exists a valid and enforceable written contract governing a particular subject matter, quasi contractual claims, including claims for unjust enrichment and constructive trust are not allowed.… Settled law indicates that the equitable claims of unjust enrichment and constructive trust are unavailable where plaintiffs have rights under a valid and enforceable contract.") (internal quotation marks and citations omitted). This line of reasoning is inapplicable in the case at bar because there is no evidence of a written agreement that governs the conduct of *plaintiffs* vis-a-vis *defendants*.

I find, however, that the Government is entitled to summary judgment. The record is devoid of proof that would warrant imposition of a constructive trust. I conclude that no reasonable fact-finder could determine, based on the present record, that Anthony and Joanne promised the Reale parents that they would equally divide interest in the property among the ten Reale children. There is no proof before the Court that this was the arrangement. At most, the record supports the conclusion that Anthony and Joanne agreed to hold the property in trust for the benefit of the Reale parents during their lifetime, perhaps to protect assets. There is no admissible evidence, however, of a transfer conditioned on a promise to divide the property at a later date between the ten Reale children. In the absence of any such evidence, the Court cannot impose a constructive trust to that effect.

The first element that usually must be met to impose a constructive trust is a confidential or fiduciary relationship. *See Sharp v. Kosmalski*, 40 N.Y.2d 119, 121 (1976) ("Most frequently, it is the existence of a confidential relationship which triggers the equitable considerations leading to the imposition of a constructive trust."). Familial relationships often satisfy this element, and I find that the parent-child relationship between the Reale parents and Anthony and Joanne constitutes a "confidential relationship." *See Brand*, 811 F.2d at 78 (father-son relationship satisfied first element for constructive trust where father transferred various assets to his son to hold during the father's lifetime).

The second and third elements plaintiffs must prove are an express or implied promise by Anthony and Joanne to the Reale parents and a transfer in reliance on that promise. I find that plaintiffs have fallen far short of establishing these elements. The record does not contain sufficient evidence for a reasonable fact-finder to conclude that Anthony and Joanne *promised* the Reale

parents that they would hold the property in trust for the benefit of all ten Reale children after their parents' deaths. The only evidence plaintiffs have offered of the existence of a promise is the plaintiffs' *own* self-serving statements to that effect.

In the verified complaint, plaintiffs claim that the intent of the initial deed transfer to Anthony and Joanne "was to transfer ownership of the family home to all 10 Reale children, to provide a means where the family home would be transferred free of the procedures of probate and to preserve the value of the family home for the benefit of all 10 Reale children." (Complaint, ¶ 7). In their sworn interrogatory responses, plaintiffs also allege that their "parents always made it known that all 10 of their children would inherit equally from them and that their 2 oldest children, Joanne Church and Anthony Reale would handle their financial and personal affairs on behalf of and in trust for the entire family." (Dkt. #11, Interr. Resp. ¶7). These conclusory allegations, by themselves, are not enough to show entitlement to a constructive trust.

Importantly, an express promise is not required to show entitlement to a constructive trust. *Brand*, 811 F.2d at 78. A promise may be implied or inferred based on the nature of the transaction itself. *Sharp*, 40 N.Y.2d at 122. "Whether a promise can be inferred from circumstances surrounding the transfer of property is a question of law." *Brand*, 811 F.2d at 78. I find that no promise can be inferred based on the evidence in the record.

What is noticeably absent is any statement from *Anthony or Joanne* that they made a promise to their parents that they would hold the property in trust for the rest of the family. Neither Anthony nor Joanne have filed an answer or otherwise appeared in this action. Plaintiffs did not file any affidavits or sworn statements from Anthony or Joanne describing the circumstances surrounding the Reale parents' transfer of the property to them. Nor is there any evidence that Anthony or

Joanne promised the Reale parents, either expressly or through implication, that they would transfer their one-half interests in the property to all ten children equally after the Reale parents' death.

In addition, the record indicates that plaintiffs' attorney in this action, Michael J. Roulan, is the same attorney who prepared the legal papers concerning the initial transfer of the Lafayette property to Anthony and Joanne from the Reale parents. Yet, Mr. Roulan has remained silent as well regarding any information he may have about the Reale parents' understanding as to the nature and purpose of that transaction.

Moreover, plaintiffs offered no evidence that it was the Reale parents' intent to share their estate equally among all ten children. They filed no documents, letters, or notes of any kind, or the Reale parents' wills, to show their intent. There is, therefore, insufficient evidence before the Court of the existence of any such promise, or a transfer of property in reliance on that promise.

In *Brand*, 811 F.2d at 78, there was proof in the form of a letter from one sibling to another that set forth in some detail the understanding between the parties that the property would be divided equally. The court in *Brand* also found persuasive "the manner in which both [appellant] and his father dealt with the property subsequent to the transfer." *Id.* The Second Circuit upheld the district court's conclusion that there was sufficient evidence of a 'promise' because it was "clear that all that was intended to be done was to change the appearances and manner in which the property was held, [and] that there was no real substantive change in the way the parties dealt with eachother [sic] or dealt with the father's property." *Id.* at 79.

At most, the circumstances here suggest that the Reale parents transferred their property to their two oldest children to hold the property in trust for the parents' lifetime. There are no circumstances presented that also suggest that Anthony and Joanne would divide the property

equally among all ten Reale children after the Reale parents died.  The evidence, in fact, contradicts that conclusion.

The West High Street property remained in Anthony and Joanne's names for more than two years after Adeline Reale died.  No action was taken to transfer interest to all ten children.  Instead, only after the federal tax lien was filed two years later did Anthony (but not Joanne) take steps to divest himself of his one-half interest.  It is not insignificant that Anthony did not transfer title to all the other siblings rather than just to James.  This seems contrary to plaintiffs' present contention that all understood the property received from the Reale parents was to be held for the benefit of all.  Anthony transferred title to plaintiff James Reale, seemingly in an effort to completely divest himself of *any* interest in the property (thereby evading the federal tax lien entirely).  Further, Joanne continued to retain her one-half interest.

For these reasons, I find that plaintiffs have failed to show that Anthony and Joanne made an express or implied promise to the Reale parents that they would hold title to the West High Street property in trust for the benefit of all the Reale children.  Nor is there evidence to support the conclusion that the Reale parents transferred the property in reliance on that promise.

Moreover, in the absence of any such evidence, plaintiffs cannot prove that Anthony or Joanne will be unjustly enriched.  Unjust enrichment does not necessarily mean the performance of a "wrongful" or "bad" act. *See Counihan*, 194 F.3d at 361.  "Innocent parties may frequently be unjustly enriched." *Simonds*, 45 N.Y.2d at 242.  "What is necessary is that the court identify a party who is holding property 'under such circumstances that in equity and good conscience he ought not to retain it.'" *Counihan*, 194 F.3d at 361 (quoting *Miller v. Schloss*, 218 N.Y. 400, 407 (1916)).  The record is devoid of any evidence that Anthony will be unjustly enriched.

The law is clear that summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  When a motion for summary judgment is properly made and supported, a party cannot defeat that motion by resting on mere allegations or denials set forth in their pleadings.  Instead, a party's "response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial."  FED. R. CIV. P. 56(e).  "[M]ere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment." *Cifarelli v. Village of Babylon*, 93 F.3d 47, 51 (2d Cir.1996).

The record before the Court contains only conclusory, self-serving statements by plaintiffs that they are entitled to a constructive trust.  This is not enough.  Because the record is devoid of evidence raising a material issue of fact regarding whether to impose a constructive trust, the Government's motion for summary judgment is granted.

## CONCLUSION

The Government's motion for summary judgment (Dkt. #11) is GRANTED, plaintiffs' motion for summary judgment (Dkt. #15) is DENIED, and plaintiffs' complaint is dismissed with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 18, 2007.